A. Michael Barker, Esquire
Barker & Scott
A PROFESSIONAL CORPORATION
Linwood Greene – Suite 12
210 New Road
Linwood, New Jersey 08221
(609) 601-8677
AMBarker@BarkerLawFirm.net
AMB/lw - Our File Number: 46640-04
Attorney for the Defendants, the Township of Deptford, and the Deptford Township Police Department, Jointly, Severally, or in the Alternative

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY – CAMDEN

| | |
|---|---|
| SARAH WEINGARTNER and SEAN WEINGARTNER<br>   Plaintiffs,<br> vs.<br><br>TOWNSHIP OF DEPTFORD;<br>DEPTFORD TOWNSHIP POLICE<br>  DEPARTMENT;<br>MICHAEL TAYLOR;<br>GLOUCESTER COUNTY;<br>JOHN A. DOES (1-10 Fictitious Names)<br>JOHN B. DOES (1-10 Fictitious Names)<br>  and<br>JANE DOE (Fictitious Name)<br>Jointly, Severally, or in the Alternative<br>   Defendant | Civil Action<br>Number _____<br><br><br><br>**NOTICE OF REMOVAL** |

TO THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

  The Notice of Removal of the Defendants, the Township of Deptford and the Deptford Township Police Department, Jointly, Severally, or in the Alternative, by their undersigned attorney, A. Michael Barker, Esquire of

the Law Offices of Barker & Scott, in accord with the provisions of 28 USC §1446, respectfully show that:

1. The Township of Deptford and the Deptford Township Police Department, Jointly, Severally, or in the Alternative, are Defendants in a civil action brought in the Superior Court of New Jersey, Law Division, Gloucester County, originally entitled:

   <u>Sarah Weingartner and Sean Weingartner v. Township of Deptford; Deptford Township Police Department; Michael Taylor; Gloucester County; John A. Does (1-10 Fictitious Names); John B. Does (1-10 Fictitious Names); and Jane Doe (Fictitious Name), Jointly, Severally, and in the Alternative</u> bearing Gloucester County Law Division Docket Number GLO-L-258-07

2. This action was commenced by the Plaintiffs, Sarah Weingartner and Sean Weingartner, by and through their attorney, Anthony L. Marchetti, Jr., of the Law Office of Cureton Caplan, on or about February 15, 2007 or February 16, 2007; the Court's file stamp is not clear. The Plaintiffs filed this action in the Superior Court of New Jersey, Gloucester County, Law Division.

3. The Plaintiffs' Complaint, attached hereto as Exhibit "A" and identified above, constitutes all process, pleadings, and orders received by the Defendants, the Township of Deptford and the Deptford Township Police Department, Jointly, Severally, or in the Alternative, in this action.

4. A copy of the Plaintiffs' Complaint was received by the Deptford Township Clerk on February 26, 2007. [See Exhibit "B"].

5. Upon information and belief, there have been no other proceedings regarding the Plaintiffs' Complaint [Exhibit "A"] filed on or about February 15, 2007 or February 16, 2007.

6. This Notice of Removal is timely filed, pursuant to 28 USC §1446(b), within thirty days of receipt by the Township of Deptford Clerk of the Complaint filed on behalf of the Plaintiffs, thereby allowing the Defendants, the Township of Deptford and the Deptford Township Police Department, Jointly, Severally, or in the Alternative, to remove, pursuant to 28 USC §1331, on the basis of federal question jurisdiction, since this Notice of Removal is filed within thirty days of receipt by the Deptford Township Clerk of the Complaint served upon the Defendants, the Township of Deptford the Deptford Township Police Department, Jointly, Severally, or in the Alternative.

The Complaint of the Plaintiffs [Exhibit "A"] constituted the first notice to the Defendants, Township of Deptford and the Deptford Township Police Department, Jointly, Severally, or in the Alternative, that the Plaintiffs were asserting federal claims which would permit removal to the United States District Court.

7. The Plaintiffs, Sarah Weingartner and Sean Weingartner, have complained in <u>Count V: Violation of Civil Rights</u> of the Complaint as follows:

68. Plaintiffs repeat each and every allegation of the preceding paragraphs of this Complaint, as if fully set forth at length herein.

**69. Defendants, were at all times acting under color of state law, causing deprivation of rights, privileges, and immunities secured by the Constitution of the laws of the United States and of the State of New Jersey all as described herein, constituting violations of 42 USC §1983.** [Emphasis added].

70. Defendant, Taylor's actions and omissions in responding to an emergency call were intentional and/ or wrongful and/ or reckless and/ or negligent in the actions taken particularly as to the injuries to Plaintiffs, and as such, was **deliberately indifferent to Plaintiffs' Constitutional rights.** [Emphasis added].

**71. Defendants, Township of Deptford and Deptford Police Department, implemented a policy, practice, or custom of failing to take reasonable steps to train and instruct or inadequately training its employees as to the proper use of police power, investigation, and emergency response with such failure to train amounting to a deliberate indifferent to the constitutional rights of the decedent.** Defendants [sic] refusal to assist with Plaintiff's medical bills also amounts to deliberate indifference to Plaintiff's rights. [Emphasis added].

**71. [Sic] Defendants, Township of Deptford, Deptford Police Department, and Taylor, deprived Plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States:**

> **a. The right of the Plaintiffs not to be deprived of equal protection arising under the Fifth Amendment to the Constitution of the United States;**
>
> **b. The right of the Plaintiffs not to be deprived of life, liberty and property without due process of law and the rights to the protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.** [Emphasis added].

72. As a direct and proximate result of the actions of the Defendants, Plaintiffs specifically alleges [sic] that they suffered injuries and damages as more fully set forth above.

73. Defendants, Deptford Township and Deptford Police Department acted directly in creating the cited violations based on the execution of their own policies, practices, and customs.

74. Defendant Taylor acted directly in creating the cited violations by his actions and omissions as described herein above.

**75. Defendants deprived Plaintiffs of all of the Federal and State Constitutional rights described throughout herein.** [Emphasis added].

76. The acts, conduct and behavior of Defendants and each of them were performed knowingly, intentionally, and maliciously by reason of which Plaintiff is entitled to an award of punitive damages.

**77. 42 USC §1983 authorizes payment of attorneys [sic] fees and expenses to Plaintiffs [sic] counsel, and Plaintiffs seek that relief.** [Emphasis added].

WHEREFORE, Plaintiffs, Ms. Weingartner and Mr. Weingartner, demand judgment against the Defendants for compensatory damages, punitive damages pre-judgment interest, attorney fees, costs of suit and such other and further relief as the Court deems equitable and just.

8. Accordingly, the Complaint filed by the Plaintiffs is a civil action over which the United States District Court has original jurisdiction, pursuant to 28 USC §1331; and, therefore, this action may be removed to the United States District Court, pursuant to 28 USC §1441(a) and 28 USC §1441(b).

9. The United States District Court also has supplemental jurisdiction, pursuant to 28 USC §1367(a) over the state claims alleged in the Plaintiffs' Complaint; and, such supplemental claims are removable, pursuant to 28 USC §1441(c).

WHEREFORE, the Defendants, Township of Deptford and the Deptford Township Police Department, Jointly, Severally, or in the Alternative, pray that this cause proceed in its entirety in the United

States District Court as an action properly removed thereto.

Respectfully Submitted:

**BARKER & SCOTT**
**a Professional Corporation**

By: _____
A. Michael Barker, Esquire

Dated:     March 7, 2007